UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHINOOK VENTURES, INC., a Nevada corporation, | NO. |
| Plaintiff, | COMPLAINT |
| v. | |
| NORTHWEST ALLOYS, INC., a Delaware corporation; ALCOA, INC., a Pennsylvania corporation; BANK of AMERICA CORPORATION, a Delaware corporation; | |
| Defendants. | |

COMES NOW Chinook Ventures, Inc., Plaintiff herein, and for its complaint sets forth as follows:

## I.  PARTIES

1.     Chinook Ventures, Inc., ("Chinook") is a Nevada corporation incorporated and in good standing under the laws of the State of Nevada, registered as a foreign corporation authorized to conduct business in the State of Washington.

2.     Defendant Bank of America Corporation is a Delaware corporation

COMPLAINT - 1 of 10
()
[100080626]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 -  FACSIMILE (253) 620-6565

1

2

3

incorporated under the laws of the State of Delaware and authorized to conduct business in the State of Washington.  Bank of America is the issuing bank of a Letter of Credit on account of Chinook.

4

5

6

7

8

3.      Defendant Northwest Alloys, Inc. ("NW Alloys") is a Delaware corporation incorporated under the laws of the State of Delaware and registered as a foreign corporation authorized to conduct business in the State of Washington.  NW Alloys is a wholly-owned subsidiary of Defendant Alcoa, Inc.

9

10

11

12

4.      Defendant Alcoa, Inc. ("Alcoa") is a Pennsylvania corporation incorporated under the laws of the State of Pennsylvania and registered as a foreign corporation authorized to conduct business in the State of Washington.  Alcoa is the sole owner of defendant Northwest Alloys, Inc.

13

14

## II.      JURISDICTION

15

16

17

18

19

5.      Jurisdiction of this Court arises under 28 U.S.C. §1332(a) in that the matter in controversy exceeds the amount of $75,000.00, and complete diversity exists between Plaintiff and all Defendants.  This Court has jurisdiction over the parties to this action as each is or has in the past been present in the State of Washington and conducted significant business therein.

20

21

22

23

24

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as all events, acts, or omissions giving rise to this action arose within the Western District of Washington, and all property underlying this dispute is located in or around Longview, Cowlitz County, Washington, within the Western District of Washington.

25

26

COMPLAINT - 2 of 10
()
[100080626]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 -  FACSIMILE (253) 620-6565

### III.  OVERVIEW

7.      Chinook was initially formed to develop a port facility on the Columbia River, near Longview, Washington that was formerly the site of the Reynolds Metals Longview Reduction Plant ("Property"), which was operated by Reynolds Materials until 2001 when it sold the assets of the plant as part of its merger into Alcoa.  Chinook entered into a ground lease with Reynolds Metals Company in 2004 under which under which Chinook agreed to obtain a $10 million irrevocable stand-by Letter of Credit from Bank of America ("Letter") naming Reynolds Materials Company as the beneficiary. Ultimately, the ground lease was transferred from Reynolds Metals Company to NW Alloys and the amount of the required Letter of Credit was reduced to $ 2.5 million.

8.      In 2011, Chinook entered into an asset sale agreement with Millennium Bulk Terminals-Longview LLC ("Millennium") which transferred all assets, permits, certain contracts, and operations on the property to Millennium.  After approving the asset sale, and as part of the same overall transition of ownership and responsibilities for the property, NW Alloys terminated its ground lease with Chinook; the Letter of Credit remained in place, however, now governed by an Agreement Concerning Letter of Credit ("Agreement") executed by NW Alloys and Chinook on the same date as the Termination of Ground Lease ("Termination").

9.      This lawsuit concerns NW Alloys' breach of the Agreement, attached here as Exhibit 1.  The Agreement provides that NW Alloys may draw on the Letter for certain defined claims that (1) survive the termination of the lease, (2) are related to Chinook's activities on the Property, (3) still exist after Chinook has been notified of them, given an opportunity to cure, and has not done so, and (4) do not include obligations that

COMPLAINT - 3 of 10
()
[100080626]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 -  FACSIMILE (253) 620-6565

1    Millennium agreed to assume.

2        10.    On May 30, 2014, NW Alloys provided notice that it intended to draw on

3    the Letter to satisfy obligations of the current Lessee of the Property and which do not fall

4    within the definition of "Claims" upon which the Letter can be drawn.  Chinook notified

5    NW Alloys that it viewed NW Alloys' notice and any attempt to draw on the Letter for the

6    reasons set forth in the Notice to be a breach of the Agreement.

7        11.    To date, NW Alloys has failed or refused to withdraw its notice or to provide

8    Chinook with any assurances that it will not draw on the Letter in breach of the

9    Agreement.

10

11       12.    Despite repeated requests, NW Alloys has also failed to provide any

12   assurance that it has sufficient assets to satisfy a judgment for the amount of the $2.5

13   million Letter of Credit.

14                                    IV. FACTS

15       13.    Reynolds Metals operated on the Property for decades. The 416-acre site

16   along the Columbia River in Longview, Washington, consists of dock facilities, as well as

17   storage and manufacturing plants, and had been operated historically for the

18   manufacture of high grade aluminum.  The use of the site for manufacture of aluminum

19   generated substantial environmental pollution.  Ultimately Alcoa obtained ownership of

20   the Property through its merger with Reynolds Materials and then transferred the

21   Property to a wholly owned Alcoa subsidiary, NW Alloys.

22       14.    In or around January 2004, Chinook acquired the above-ground assets and

23   operations on the Property and thereafter entered into a Ground Lease with then-owner

24   Reynolds Metal, dated October 1, 2004 (later assumed by NW Alloys).  Pursuant to the

COMPLAINT - 4 of 10
()
[100080626]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 -  FACSIMILE (253) 620-6565

1

2

terms of the ground lease, Chinook agreed to perform certain above-ground clean up as specified in a scope of work defined within the lease.

3

4

5

6

15.     Chinook performed the majority of the clean up as specified from 2004 to the end of 2010.   In 2010, Chinook was negotiating a sale of its assets to Millennium, which included extensive due diligence into the condition of the Property by Millennium.

7

8

9

10

11

12

13

14

15

16

16.     Ultimately, Chinook and Millennium entered into a complex asset purchase agreement that closed on January 11, 2011.  As part of that agreement, Millennium agreed to assume a number of the remediation obligations Chinook had undertaken as part of its lease of the Property, and Millennium assumed a number of permits that had been granted for the Property.  Along with the asset purchase agreement, Chinook also entered into a Ground Lease Termination with NW Alloys, and the Agreement Concerning Letter of Credit, each dated January 11, 2011.  Upon information and belief, Millennium and NW Alloys then entered into a separate ground lease agreement that governed Millennium's obligations as the new occupant and operator of facilities on the Property.

17

18

19

20

21

17.     The net result of all of these transactions was that Millennium assumed future remediation of the Property, and NW Alloys released and terminated any remediation requirements Chinook had undertaken as part of its Ground Lease.  This was reflected in the Agreement, where NW Alloys specifically identified "Millennium's Obligations" and excluded those from the definition of "Claims" under the Agreement.

22

23

24

25

26

18.     Millennium has operated at the Property since January 2011, with future plans to develop the Property into a coal export terminal.  The extensive permitting process for this development has included significant oversight by state federal agencies, and significant cleanup of the impact of Reynolds' former operation on the site, all of

COMPLAINT - 5 of 10
()
[100080626]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1

2

which Millennium anticipated or should have anticipated when it took on responsibility for

the operation and remediation of the Property.

3

4

5

6

7

8

9

10

11

19.     By letter dated December 20, 2013, NW Alloys notified Chinook that NW

Alloys intended to draw against the Letter for its full amount of $2.5 million to satisfy

costs that NW Alloys asserted were "Claims" as that term is defined under the

Agreement.  The costs underlying NW Alloys' notice were described by category, and

supported by scant documentation, focusing instead on costs incurred and estimates of

future costs that Millennium expected to incur in its operations on the Property.  The

Agreement is explicit that NW Alloys "may not draw upon the Letter of Credit to address

Millennium's Obligations."

12

13

14

15

20.     By return letter Chinook notified NW Alloys that the costs included in its

notice were not "Claims" as that term is defined by the parties' Agreement, and any

attempt to draw on the Letter to recover for these costs was a breach of the Agreement.

16

17

18

19

21.     Despite this response, on May 30, 2014, NW Alloys once again gave notice

to Chinook of its intent to draw on the Letter.  After that notice, NW Alloys failed or

refused to provide confirmation that it would not draw on the Letter in violation of the

parties' Agreement.

20

### V. COUNT I - BREACH OF CONTRACT

21

22

23

22.     Plaintiff repeats and realleges each and every allegation above as fully set

forth herein.

23.     Under the express terms of the Agreement Concerning Letter of Credit, NW

24

25

26

Alloys may only draw on the Letter for certain defined claims that (1) survive the

termination of the lease, (2) are related to Chinook's activities on the Property, (3) still

COMPLAINT - 6 of 10
()
[100080626]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 -  FACSIMILE (253) 620-6565

exist after Chinook has been notified of them, given an opportunity to cure, and has not done so, and (4) do not include obligations that Millennium agreed to assume.

24.     NW Alloys has provided notice that it intends to draw against the Letter for costs that are not "Claims" as that term is defined in the Agreement.  NW Alloys has no legal basis for making this demand on the Letter, and the demand is in violation of the Agreement.

25.     NW Alloys' notification that it will draw against the Letter for the full $2.5 million is a material breach of the Agreement as NW Alloys does not have the authority under the Agreement to make this demand on the Letter.

26.     Chinook has suffered and will continue to suffer damages as the direct and proximate cause NW Alloys' breach of the Agreement in an amount to be proven at trial but estimated at the full value of the Letter, $2,500,000.

### VII. COUNT III - PIERCING THE CORPORATE VEIL

27.     Plaintiff repeats and realleges each and every allegation above as fully set forth herein.

28.     Upon information and belief the principals of defendant NW Alloys, Inc. operated the corporate entity as an alter ego or shell company of Alcoa, Inc., utilizing the entity for their own personal purposes or for the purposes of benefiting Alcoa, Inc., and with a blatant disregard of the corporate formalities.

29.     Upon information and belief, NW Alloys does not maintain separate financial accounts or records from Alcoa, Inc., and Alcoa, Inc. has permitted or caused NW Alloys to become or remain underfunded, serving as a holding company for liabilities and without sufficient assets to remain viable.

COMPLAINT - 7 of 10
()
[100080626]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

30.     A present controversy exists over the rights and duties of NW Alloys to Chinook and the liability Alcoa has for any obligations of NW Alloys.  This controversy requires a determination of the court with respect to the right, duties and obligation of the parties.

31.     Chinook seeks a declaration by this court setting aside the corporate entity of NW Alloys, Inc. and finding that Alcoa, Inc. is the true alter ego of NW Alloys and is responsible for all acts, omissions, or liabilities of NW Alloys as proven herein.

## VIII. COUNT IV – DEPOSIT OF DISPUTED FINDS

32.     Bank of America holds $2.5 million for account of Chinook backing Chinook's Letter (the "Funds").  Bank of America has the Funds in its possession or under its control.

33.     The Funds are capable of delivery into the registry of the Court.

34.     The true ownership of the Funds and right to access these funds are the subjects of this litigation.

35.     The Funds are held by Bank of America pursuant to the Agreement Concerning Letter of Credit.  Bank of America holds no title to or right to use the Funds.

36.     Under applicable law and the Court's discretionary authority, the Court may order that the Funds be deposited in the registry of the Court pending the resolution of the disputes between Chinook and NW Alloys.

37.     Upon information and belief, defendant NW Alloys lacks sufficient assets to satisfy the judgment Chinook seeks in this action and the disputed Funds are likely to be depleted before this Court has an opportunity to resolve the disposition of the Funds on the merits.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 -  FACSIMILE (253) 620-6565

38.     An order directing the Funds to be deposited in the Court's registry is necessary to avoid irrevocable harm to Chinook.

### IX. COUNT V – PREJUDGMENT WRIT OF ATTACHMENT

39.     Chinook is entitled to a prejudgment writ of attachment with respect to the $2.5 million Letter of Credit held by Northwest Alloys.

40.     Under RCW 6.25.030, there is probable cause to believe that statutory grounds for attachment exist, including under RCW 6.25.030(1), (5), (6), (8), and (10).

41.     Grounds exist for issuance of a prejudgment writ of attachment under RCW 6.25.040.

42.     A prejudgment writ of attachment is necessary to prevent Defendants from disposing of the disputed Funds and to maintain the status quo so that this Court may determine the rightful ownership of the Funds.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     That Plaintiff Chinook Ventures, Inc., have judgment on its Complaint against Defendant NW Alloys, Inc. and Alcoa, Inc. as the alter ego of NW Alloys, Inc., for the following:

1.     Damages resulting from NW Alloys breach of contract in an amount to be proven at trial;

2.     Declaratory relief in the form of a Declaratory Judgment declaring NW Alloys, Inc. an invalid entity and piercing the corporate veil;

3.     Awarding Plaintiff its costs, disbursements, and attorneys' fees as provided under the parties' contract(s);

()
[100080626]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

4.      For an award of pre- and post-judgment interest;

5.      Issuing a prejudgment writ of attachment as to the Letter of Credit.

6.      Granting such other and further relief as the court may deem property and equitable under the circumstances.

B.      That Plaintiff Chinook Ventures, Inc., have judgment on its Complaint against Defendant Bank of America, N.A. for the following:

1.      Deposit of disputed funds into the registry of the Court pending resolution of the claims herein on the merits.

DATED this 9th day of June, 2014.

GORDON THOMAS HONEYWELL LLP


By___s/Andrea H. McNeely_____
        Andrea H. McNeely, WSBA No. 36156
        amcneely@gth-law.com
        Shelly M. Andrew, WSBA No. 41195
        sandrew@gth-law.com
        Attorneys for Plaintiff

COMPLAINT - 10 of 10
()
[100080626]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 -  FACSIMILE (253) 620-6565